UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIXTO TUMBACO, | No. 2:23-cv-01144-CKD P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 7, 2023, petitioner paid the filing fee for this action.

**I.      § 2241 Petition**

In his five-page habeas application, petitioner asks the court to order the Bureau of Prisons to apply an unspecified number of time credits pursuant to the First Step Act to his November 26, 2027 release date.[1] ECF No. 1. Although petitioner indicates that he has attached his FSA Time Credit Assessment and a Program Review Sheet as exhibits to his petition, these are not included with the petition. See ECF No. 1 at 2-3.

/////

---

[1] Hereinafter, the court refers to the First Step Act as the "FSA."

## II. Preliminary Review Requirement

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus.[2] While pro se habeas corpus petitions are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court must dismiss a petition "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491. A court may summarily dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243. However, a habeas petition should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

## III. Analysis

Petitioner's request for the application of FSA time credits is an attempt to challenge the execution of his federal sentence. Therefore, a § 2241 petition is the correct procedural vehicle for petitioner's challenge. However, the petition does not identify any specific time credits which the BOP has failed to credit to his projected release date. As a result, his habeas corpus petition does not sufficiently state any claim for relief. See 28 U.S.C. § 2241(c)(3) (emphasizing that "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner's § 2241

---

[2] The Rules Governing § 2254 cases in the United States Courts may be applied to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241. See Rules Governing Habeas Corpus Cases Under Section 2254, Rule 1(b).

petition is dismissed with leave to amend within 30 days from the date of this order.

Accordingly, IT IS HERBY ORDERED that:

1. The Findings and Recommendations (ECF No. 6) issued on August 7, 2023 are vacated based on petitioner's payment of the filing fee for this action.
2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is summarily dismissed with leave to amend.
3. Within 30 days from the date of this order, petitioner may file a first amended § 2241 petition containing all of his claims for relief including any relevant attachments.
4. The failure to file an amended petition within the time provided shall result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: August 14, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/tumb1144.summ.dism.lta